A. BRANAMAN v. A. W. SHERMAN *et al.*

REAL-ESTATE AGENT—*Action for Commission—Evidence.* A judgment in favor of a real-estate agent for his commission will not be reversed because the trial court permitted him to offer some evidence tending to show that the amount of the commission that he alleged was agreed to be paid was the usual and customary charges of real-estate agents in that city for similar services.

*Error from Sumner District Court.*

THE case is stated in the opinion.

*J. S. Dey*, for plaintiff in error:

The rule that the parties are bound by the pleadings, and that the admission of evidence is controlled by the issues made by them, is so just, wholesome, and well-settled in all the states, that it needs no general citation of authorities to support it. *Stone v. Young*, 4 Kas. 27; *Bell v. Wright*, 31 id. 237; *Weybrich v. Harris*, 31 id. 93, 94; *McCormick v. Roberts*, 32 id. 72.

The plaintiffs set up a verbal agreement, and in order to recover in the action they were bound to prove it as alleged; and no testimony in relation to the reasonable value of the services which plaintiffs claimed they had performed, or the usual and customary commissions for such services was admissible, over the objection of the defendants; and the court erred in overruling their objections to the questions propounded to the witness.

The evidence shows conclusively that defendant Branaman, who was a mere lien holder for the benefit of another, had no possible chance to realize anything by an advance in the price of the real estate. He was not the owner of the real estate, as has been repeatedly held by this court. *Seckler v. Delfs*, 25 Kas. 159, 165.

The verdict is wholly unsupported by the evidence, and there is an entire absence of evidence to support the verdict as against the defendant Branaman. There was not a particle of evidence tending to show that Branaman was the owner of any interest in the real estate at the time it is alleged the contract with him was made. There was, therefore, an entire failure of proof of a material fact necessary to the plaintiffs' recovery, and the demurrer of Branaman to the evidence of the plaintiffs should have been sustained, and the court erred in overruling that demurrer, and committed reversible error in overruling the eighth ground of the motion for new trial.

No appearance for defendants in error.

Opinion by SIMPSON, C.: Sherman & Shawver, a firm engaged in selling real estate in Wellington, brought this action against Branaman and Black, whom they alleged together owned certain real estate in the city of Wellington, to recover their commission for the sale of such real estate. The case was tried by a jury, and a verdict returned and a judgment rendered in their favor for $400 and costs. Branaman alone filed a motion for a new trial, and only his part of the case is here. The assignment of error in the motion for a new trial that is urged now for reversal is the admission of evidence that is alleged to be incompetent and immaterial and irresponsive to the issues made by the pleadings and the instructions based thereon. Most all of the objections to the admission of evidence and to the instructions are founded on the theory that the petition alleges a specific commission, while the defendants in error at the trial were permitted to prove the amount of the usual and ordinary commission paid to other real-estate agents in Wellington for the performance of similar services. The sale was made for $14,000. The defendants in error furnished a purchaser.

Sufficient evidence appears in the record to authorize the jury and justify us in the assertion, that Branaman knew at the time the sale was made, and understood before it was made, that he was to pay these defendants in error a commission for making the sale. While the counsel for plaintiff in error may be technically correct, it is difficult to conceive how many of the rulings he complains of could have prejudiced his client. The amount of commission charged in the petition as agreed to be paid is identical in amount with the usual and ordinary one charged by agents in that locality. And the evidence shows that inquiry was made as to what was a "straight commission," and the ordinary charges were explained as being $50 on the first thousand and $25 on each additional thousand. The evidence complained of only went to the amount of the recovery, and not to an implied authority to sell. The petition alleged, and the proof sustained the

allegation, that there was special verbal authority to sell, and the evidence offered of the usual and customary commission did not convert the action into one on the *quantum meruit*. The evidence showed that Branaman would not sell until Black was consulted and assented, and hence what Black said was admissible.

We do not regard any of the errors complained of important enough to require a reversal of the judgment against Branaman, because the made case is full of a class of suggestive facts and insinuating circumstances that always float with the inevitable drift toward the truth in the record of a hard-fought lawsuit. We think substantial justice has been done. The controlling questions are of fact and not of law, and the jury has made a finding that is supported by some evidence.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.